THE MARECHAL SUCHET.

(District Court, N. D. California. December 20, 1901.)

No. 12,135.

SHIPPING—DAMAGE TO CARGO—SEAWORTHINESS.

A ship, just prior to her leaving Liverpool for a voyage to San Francisco, had carried a cargo of wheat from Portland, Or., to Ireland, and delivered it in good condition. In Liverpool she was inspected by competent persons, and her decks found in fit condition. On the return voyage she encountered gales and heavy seas for three weeks, while rounding Cape Horn, during which she labored heavily, and her deck seams opened, admitting sea water, which caused damage to her cargo. *Held*, that such evidence was sufficient to sustain her claim that she was

seaworthy when the voyage was begun, and that the damage was caused by perils of the sea, owing to the unusually rough weather encountered.[1]

In Admiralty. Suit against vessel to recover for damage to cargo.

F. R. Wall, for libelants.

Page, McCutchen, Harding & Knight, for claimants.

DE HAVEN, District Judge. This is a libel against the British ship Marechal Suchet for damages received by a part of her cargo on a voyage made by that vessel from Liverpool to San Francisco, via Cape Horn. The defense is that the damage was occasioned by perils of the sea, and upon the evidence the only question for decision is whether or not the vessel was seaworthy when she started upon the voyage. The burden of proof that the vessel was seaworthy, and that the damage sustained by her cargo was occasioned by perils of the sea, is upon the carrier. Seaworthiness is a question of fact, and upon consideration of the evidence my conclusion is that the Marechal Suchet was seaworthy at the commencement of the voyage; or, in other words, "that she was in a condition reasonably fit to encounter whatever perils of the sea a ship of that kind, and laden in the way in which she was, would fairly be expected to encounter during the voyage upon which she sailed," and this was all that was required to render her seaworthy. Hughes, Adm. p. 57. The facts which lead to this conclusion are that just prior to the commencement of the voyage the vessel carried a cargo of wheat from Portland, Or., to Limerick, Ireland, and delivered the same in good condition; that her decks were inspected by competent persons at Liverpool before loading for the voyage to San Francisco, and, in the judgment of those making the examination, were in a fit condition for that voyage. If the decks were then unseaworthy, and required calking, it does not seem probable that such fact would not have been ascertained at that time. The evidence shows that in rounding Cape Horn the vessel met with almost continuous gales and high seas for about three weeks, which caused her to labor heavily, and kept her decks flooded much of the time. This condition of weather cannot be said to have been such as vessels ordinarily meet with on such a voyage, and sufficiently accounts for the opening of the seams in her deck, and the leakage of sea water, which caused the damage complained of. Without, however, attempting to state all of the evidence bearing upon the question, it is sufficient to say that in my judgment it shows that the Marechal Suchet was seaworthy at the commencement of the voyage, and the damage sustained by her cargo was occasioned by perils of the sea, within the rule declared in the cases of The British King (D. C.) 89 Fed. 872; The Sintram (D. C.) 64 Fed. 884; The Warren Adams, 20 C. C. A. 486, 74 Fed. 413; The Mauna Loa (D. C.) 76 Fed. 829-836; and The Titania (D. C.) 19 Fed. 101-105.

The libel will be dismissed, claimants to recover costs.

[1] What constitutes seaworthiness, see paragraph 3, note to The Carib Prince, 15 C. C. A. 388.